IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLOURED PENTECOSTAL ASSEMBLIES OF WORLD REPUBLICANS; CHALEDEEANNKA DEBORAH ANN WILLIAMS GOYENS-BELL EBERWEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILLARY CLINTON a/o Vince Girdhari Chhabad, et al., <br><br> Defendants. <br> _____ / | No. C 16-6530 CW <br><br> ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM |

On November 8, 2016, pro se Plaintiffs Coloured Pentecostal Assemblies of World Republicans, Chaledeeannka Deborah Ann Williams Goyens-Bell Eberwein, Delina Roybal-De-Aguero-Koller, Artiss Connellly Bell, Robert D. Eberwein, Estate of Jack and Jeanett Oltouchs Heirs, and Paul G. Christensen filed a complaint against Hillary Clinton a/o Vince Girdhari Chhabad, Kimberly Colwell, and Jacqueline Shelton.  The complaint was filed on the form for an employment discrimination complaint, but the word "employment" is crossed out.  The form indicates that the action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination and Plaintiffs checked the boxes for the following "acts complained of": "Failure to employ me," "Termination of my employment," "Failure to promote me" and "Other acts as specified below."  Plaintiffs further indicated that the alleged discriminatory conduct was based on race, religion, sex, national origin and other grounds.

As an initial matter, the Court notes that only individuals may proceed pro se.  See 28 U.S.C. § 1654.  Accordingly, Plaintiffs Coloured Pentecostal Assemblies of World Republicans and the Estate of Jack and Jeanett Oltouchs Heirs may only pursue their claims if represented by counsel.  Moreover, to the extent the Court is able to understand the allegations in the complaint, they do not appear to support any claim for employment discrimination.  Rather, the complaint appears to allege that other judges of this court acted improperly in other cases involving Plaintiff Robert Eberwein.  In one of those cases, Lorenzo Commons LLC v. Eberwein, 16-4588, Judge Chen remanded an unlawful detainer action that Eberwein removed from state court.  In 3109 King St Property Management v. Deutsche Bank Americas, 16-3219, Judge Chhabria dismissed Eberwein's complaint because it failed to describe how the defendants' actions harmed Eberwein, or the other plaintiff in the case, 3109 King St. Property Management.  Instead, the complaint involved the defendants' alleged eviction of Darrick Sterling from another property.

In this case, Plaintiffs allege that Judge Chhabria "did not correctly read the fee waiver applications" in the case before him.  Plaintiffs cannot bring a claim, seeking review by the undersigned of the decision of another judge of this court.  Moreover, the undersigned notes that the fee waiver application in the case before Judge Chhabria was granted and the complaint was dismissed for failure to state a claim.

Plaintiffs have failed to identify any legal basis for their claims or to allege "sufficent factual matter, accepted as true, to state a claim to relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Accordingly, the Court orders Plaintiffs to show cause why their complaint should not be dismissed for failure to state a claim.  Any response to this order to show cause shall be filed by December 20, 2016.  If Plaintiffs fail to respond to this order, their complaint will be dismissed for failure to prosecute.  In addition, if Plaintiffs wish to pursue claims on behalf of the Coloured Pentecostal Assemblies of World Republicans and the Estate of Jack and Jeanett Oltouchs Heirs, they must retain counsel.  If an attorney does not enter an appearance on behalf of these entities by December 20, 2016, the Court will dismiss their claims.

IT IS SO ORDERED.

Dated: November 29, 2016

CLAUDIA WILKEN
United States District Judge

3